IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ULTIMATE POINTER, L.LC., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § | |
| NINTENDO CO., LTD., § | CIVIL ACTION NO. 6:11-cv-496 |
| NINTENDO OF AMERICA INC., § | |
| JJ GAMES, LLC, § | |
| GAME STOP CORPORATION, § | |
| BESTBUY CO., INC., § | |
| SEARS, ROEBUCK AND CO., § | |
| KMART CORPORATION, § | |
| TARGET CORPORATION, § | |
| WAL-MART STORES, INC., § | |
| SAM'S WEST, INC., § | |
| RADIOSHACK CORPORATION, § | |
| TOYS R US, INC., § | |
| DELL INC., § | |
| QVC, INC., § | |
| TRANS WORLD ENTERTAINMENT § | |
| CORPORATION, § | |
| BJ'S WHOLESALE CLUB, INC., § | |
| PC CONNECTION, INC., § | |
| COMPUSA.COM, INC., and § | |
| TIGER DIRECT, INC., § | |
| § | |
| Defendants. § | JURY TRIAL DEMANDED |
| § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff UltimatePointer, L.L.C., files this Complaint for Patent Infringement against Defendants Nintendo Co., Ltd.; Nintendo of America Inc.; JJ Games, LLC; GameStop Corporation; Best Buy Co., Inc.; Sears, Roebuck and Co.; Kmart Corporation; Target Corporation; Wal-Mart Stores, Inc.; Sam's West, Inc.; RadioShack Corporation; Toys R Us, Inc.;

Dell Inc.; QVC, Inc.; Trans World Entertainment Corporation; BJ's Wholesale Club, Inc.; PC Connection, Inc.; CompUsa.com, Inc.; and Tiger Direct, Inc. (collectively the "Defendants"). In support, Plaintiff UltimatePointer, L.L.C. alleges as follows:

## INTRODUCTION

1.      This is an action for patent infringement brought under 35 U.S.C. § 271 for Defendants' infringement of United States Patent No. 7,746,321 ("the '321 patent) by making, using, selling, offering to sell, and/or importing Nintendo Wii systems, games, and related accessories (the "accused products"), in this Judicial District and elsewhere in the United States, without authorization of the owner of the '321 patent, Plaintiff UltimatePointer, L.L.C.

## THE PARTIES

2.      Plaintiff UltimatePointer, L.L.C. ("UltimatePointer") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 5038 Creekbend Drive, Houston, Texas 77035.

3.      Defendant Nintendo Co., Ltd. ("Nintendo Japan") is a Japanese corporation with a regular place of business at 11-1 Kamitoba hokotate-cho, Minami-ku, Kyoto 601-8501 Japan. Nintendo Japan is not registered to do business in Texas, does not have a regular place of business in Texas, and has not appointed an agent for service of process in Texas.  Nintendo Japan may be served with process as provided under Rule 4(d) of the Federal Rules of Civil Procedure, or under Rule 4(f) of the Federal Rules of Civil Procedure effected pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

4.      Defendant Nintendo of America Inc. ("Nintendo America") is a corporation organized and existing under the laws of the State of Washington, with a regular place of business at 4820 150th Avenue N.E., Redmond, Washington 98052.  Nintendo America is

registered to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

5.   Defendant JJ Games, LLC ("JJ Games") is a limited liability company organized and existing under the laws of the State of Colorado with a regular place of business at 2995 South Tejon Street, Englewood, Colorado 80110.  JJ Games is not registered to do business in Texas, does not have a regular place of business in Texas, and has not appointed an agent for service of process in Texas.  JJ Games may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

6.   Defendant GameStop Corporation ("GameStop") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 625 Westport Parkway, Grapevine, Texas 76051.  GamesStop is registered to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

7.   Defendant Best Buy Co., Inc. ("Best Buy") is a corporation organized and existing under the laws of the State of Minnesota with a regular place of business at 7601 Penn Ave South, Richfield, Minnesota 55423.  Best Buy is registered to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

8.   Defendant Sears, Roebuck and Co. ("Sears") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Sears is registered to do business in Texas and may be

served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

9.      Defendant Kmart Corporation ("Kmart") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.  Kmart has a regular place of business in Texas at 1100 McCann Road, Longview, Texas 75601, but has not appointed an agent for service of process in Texas.  Kmart may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

10.     Defendant Target Corporation ("Target") is a corporation organized and existing under the laws of the State of Minnesota with a regular place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.  Target is registered to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

11.     Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716.  Wal-Mart is registered to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

12.     Defendant Sam's West, Inc. ("Sam's") a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.  Sam's is registered to do business in Texas and may be served with process by serving its registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

13. Defendant RadioShack Corporation ("RadioShack") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 300 Trinity Campus Circle, Fort Worth, Texas 76102.  RadioShack is registered to do business in Texas and may be served with process by serving its registered agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

14. Defendant Toys R Us, Inc. ("Toys R Us") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at One Geoffrey Way, Wayne, New Jersey 07470.  Toys R Us is registered to do business in Texas and has a regular place of business in Texas located at 414 East Southeast Loop 323, Tyler, Texas 75701.  However, Toys R Us has not appointed an agent for service of process in Texas.  Toys R Us may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

15. Defendant Dell Inc. ("Dell") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 1 Dell Way, Round Rock, Texas 78682.  Dell is registered to do business in Texas and may be served with process by serving its registered agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

16. Defendant QVC, Inc. ("QVC") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 12300 Liberty Boulevard, Englewood, Colorado 80112.  QVC is registered to do business in Texas and has a regular place of business in Texas located at 9855 Westover Hills Boulevard San Antonio, Texas 78251.  However, QVC has not appointed an agent for service of process in Texas.  QVC may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

17. Defendant Trans World Entertainment Corporation ("Trans World") is a corporation organized and existing under the laws of the State of New York with a regular place of business at 38 Corporate Circle, Albany, New York 12203. Trans World is registered to do business in Texas and has a regular place of business in Texas located at 16535 Southwest Freeway, Sugar Land, Texas 77479. However, Trans World has not appointed an agent for service of process in Texas. Trans World may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

18. Defendant BJ's Wholesale Club, Inc. ("BJ's Wholesale") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 25 Research Drive, Westborough, Massachusetts 01581. BJ's Wholesale is not registered to do business in Texas, does not have a regular place of business in Texas, and has not appointed an agent for service of process in Texas. BJ's Wholesale may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

19. Defendant PC Connection, Inc. ("PC Connection") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 730 Milford Road, Merrimack, New Hampshire 03054. PC Connection is not registered to do business in Texas, does not have a regular place of business in Texas, and has not appointed an agent for service of process in Texas. PC Connection may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

20. Defendant CompUsa.com, Inc. ("CompUsa") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 7795 West Flagler Street, Suite 35, Miami, Florida 33144. CompUsa is not registered to do business in Texas, does not have a regular place of business in Texas, and has not appointed an agent for

service of process in Texas.  CompUsa may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

21.  Defendant Tiger Direct, Inc. ("Tiger Direct") is a corporation organized and existing under the laws of the State of Delaware with a regular place of business at 7795 West Flagler Street, Suite 35, Miami, Florida 33144.  Tiger Direct is not registered to do business in Texas, does not have a regular place of business in Texas, and has not appointed an agent for service of process in Texas.  Tiger Direct may be served with process as provided under Rule 4(d) or (e) of the Federal Rules of Civil Procedure.

22.  Defendants Nintendo Japan and Nintendo America manufacture, import, sell, offer for sale, and/or import the accused Nintendo Wii systems, games, and related accessories.  The remaining Defendants sell, offer for sale, and/or import the accused products.

## JURISDICTION AND VENUE

23.  The Court has original and exclusive federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act, 35 U.S.C. § 271.  Venue is proper in this Judicial District pursuant to 28 U.S.C. 1400(b) because each of the Defendants resides in this District, is deemed to reside in this District pursuant to 28 U.S.C. § 1391(c), and/or has committed or induced acts of infringement and has a regular and established place of business in this District.

24.  Each of the Defendants is subject to this Court's specific personal jurisdiction in compliance with the Due Process Clause of the United States Constitution and the Texas Long Arm Statute because each Defendant has sold accused products in the State of Texas,  actively induced infringement in Texas, and/or has established regular and systematic business contacts with the State of Texas.

## COUNT ONE
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,746,321

25. On June 29, 2010, U.S. Patent No. 7,746,321 ("the '321 patent") was duly and lawfully issued for an invention entitled "Easily Deployable Interactive Direct-Pointing System and Presentation Control System and Calibration Method Therefor."

26. The '321 patent was issued from United States Patent Application Serial No. 11/135,911, which was published on December 8, 2005 as United States Patent Application Publication No. 2005/0270494 A1 ("the '494 publication").

27. By written assignment from the sole inventor, Plaintiff UltimatePointer owns all right, title, and interest in and to the '321 patent, and all rights arising thereunder, including the right to bring suit and recover damages for past infringement. A true and correct copy of the '321 patent is attached hereto as Exhibit A.

28. Nintendo Japan has directly infringed and continues to directly infringe the '321 patent by making, using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including resellers and end users) to use, sell, offer for sale, and/or import the accused products. Nintendo Japan's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

29. Nintendo America has directly infringed and continues to directly infringe the '321 patent by making, using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including resellers and end users) to use, sell, offer for sale, and/or import the accused products. Nintendo America's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

30. Prior to the issuance of the '321 patent or the filing of this action, Nintendo America was expressly and specifically notified of the existence of the '494 publication and that that its unauthorized manufacturing, sales, and importation of the accused products would infringe any patent issued with claims as published in the '494 publication.

31. Prior to the filing of this action, Nintendo America was further expressly and specifically notified of the issuance and existence of the '321 patent, and that that its unauthorized manufacturing, sales, and importation of the accused products was an infringement of the '321 patent.

32. Nintendo America refused to cease its infringement after notice of the '494 publication and notice of the '321 patent. Instead, Nintendo America continued and still continues to deliberately infringe the '321 patent. Nintendo America's infringement of the '321 patent was and is willful and in bad faith, entitling UltimatePointer to increased damages under 35 U.S.C. § 284 and to reasonable attorney fees under 35 U.S.C. § 285.

33. JJ Games has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. JJ Games' actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

34. GameStop has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. GameStop's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

35. Best Buy has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products.  Best Buy's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

36. Sears has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. Sears's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

37. Kmart has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. Kmart's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

38. Target has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. Target's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

39. Wal-Mart has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing

others (including end users) to use, sell, offer for sale, and/or import the accused products. Wal-Mart's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

40. Sam's has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. Sam's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

41. RadioShack has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. RadioShack's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

42. Toys R Us has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. Toys R Us's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

43. Dell has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. Dell's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

44. QVC has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. QVC's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

45. Trans World has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. Trans World's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

46. BJ's Wholesale has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. BJ's Wholesale's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

47. PC Connection has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. PC Connection's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

48. CompUsa has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. CompUsa's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

49. Tiger Direct has directly infringed and continues to directly infringe the '321 patent by using, selling, offering for sale, and/or importing the accused products, and has indirectly infringed and continues to indirectly infringe the '321 patent by contributing to and inducing others (including end users) to use, sell, offer for sale, and/or import the accused products. Tiger Direct's actions were unauthorized and infringe the '321 patent under 35 U.S.C. § 271.

50. Defendants' infringement of the '321 patent has caused harm and damage to UltimatePointer. Pursuant to 35 U.S.C. § 284, UltimatePointer is entitled to damages adequate to compensate it for Defendants' infringement in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court.

51. Nintendo America infringed and continues to infringe claims from the '321 patent that were present in the '494 publication. Pursuant to 35 U.S.C. § 154(d), UltimatePointer is therefore entitled to a reasonable royalty for Nintendo America's infringement beginning on the date of publication of the '494 publication.

## JURY DEMAND

52. UltimatePointer hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff UltimatePointer requests the entry of a judgment in its favor and against Defendants including the following:

a) A finding that Defendants have directly and/or indirectly infringed the '321 patent either literally or under the doctrine of equivalents;

b) An award of the damages due to Defendants' infringement of the '321 patent, including a reasonable royalty for Nintendo America's infringement after publication of the '494 publication;

c) A finding that Defendant Nintendo America's infringement was willful and an award of enhanced damages since issuance of the '321 patent pursuant to 35 U.S.C. § 284;

d) A finding that the remaining Defendants' infringement was willful since acquiring knowledge of the '321 patent and continuing to persist in infringement in bad faith, which is a date no later than the filing of this Complaint;

e) A finding that this case is exceptional, and an award of reasonable attorney fees to UltimatePointer pursuant to 35 U.S.C. § 285;

f) An award of pre-judgment and post-judgment interest as allowed by law;

g) Costs of court; and

h) Such other and further relief, at law or in equity, as the Court may deem just and proper.

/ / /

DATE: September 15, 2011.                    Respectfully submitted,


                                             /s/ Gregory L. Maag, with permission by
                                                 Thomas L. Warden
                                             Gregory L. Maag, *Lead Attorney*
                                             State Bar No. 12748500
                                             gmaag@conleyrose.com
                                             Charles J. Rogers
                                             State Bar No. 00786205
                                             Thomas L. Warden
                                             State Bar No. 24004174
                                             twarden@conleyrose.com
                                             CONLEY ROSE, P.C.
                                             600 Travis Street, Suite 7100
                                             Houston, Texas 77002
                                             Telephone: (713) 238-8000
                                             Facsimile: (713) 238-8088

                                             ATTORNEYS FOR PLAINTIFF
                                             ULTIMATEPOINTER, L.L.C.